COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

NUMBER 13-03-649-CR
 
GERARDO MORENO,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

NUMBER 13-03-650-CR
 
LISA MORENO,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 404th District Court
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, Gerardo Moreno, was indicted on the charges of indecency with a
child and aggravated sexual assault of a child victim younger than fourteen years of
age. See Tex. Pen. Code Ann. §§ 21.11, 22.021 (Vernon 2003 & Supp. 2004-2005). 
Gerardo pleaded not guilty. A jury convicted him on one count of indecency with a
child and two counts of aggravated sexual assault of a child victim. The trial court
sentenced Gerardo to twelve years in the Texas Department of Criminal
Justice–Institutional Division.
         Appellant, Lisa Moreno, was indicted on the charge of aggravated sexual assault
of a child victim younger than fourteen years. See id. § 22.021 (Vernon Supp. 2004-2005). After pleading not guilty, a jury convicted her on two counts of aggravated
sexual assault of a child victim. The trial court sentenced Lisa to five years in the
Texas Department of Criminal Justice–Institutional Division.
         By seven issues, Gerardo and Lisa complain that (1) the trial court erred in
admitting a redacted videotape used to rebut the victim's recantation of her outcry
statement, (2) their right to counsel was violated, (3) the trial court abused its
discretion by not sua sponte declaring a mistrial, and (4) the jury charge improperly
permitted the jury to convict them with less than a unanimous verdict. By two
additional issues, Lisa complains that (1) her Fourth Amendment right to be free from
unreasonable search and seizure was violated and (2) the evidence was insufficient to
convict her on counts II and III. We affirm.
 
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4. Furthermore, because
the two companion cases arise from the same fact situation and present similar issues
for our review, they will be disposed of in a single opinion.
II. Analysis
A. Redacted Videotape
         By appellants' first three issues and Gerardo's seventh issue, appellants
complain of the admission of a redacted videotape of an interview the victim made at
a child advocacy center.
1. Confrontational Rights
          In their first issues, appellants challenge the constitutionality of articles 38.071
and 38.072 wherein a recording of an oral statement of a child is admissible as
evidence when, among other things, the child is not available to testify. See Tex.
Code Crim. Proc. Ann. arts. 38.071, 38.072 (Vernon 2005). At trial, appellants
objected to the admission of the redacted videotape of the child on the grounds that
it violated the confrontation clause of the United States Constitution. See U.S. Const.
amend. VI. However, the victim in this case was available to testify and was called
by the State. The victim was cross-examined by both appellants. The videotape was
allowed into evidence for the purposes of impeachment and was redacted to show
only those portions of the interview which contradicted the victim's trial testimony. 
See Tex. R. Evid. 613(a) (providing document admissible to impeach because contains
prior inconsistent statements); see also id. at rule 801(d) (setting out document not
hearsay when offered for sole purpose of impeachment).
         Nonetheless, appellants cite Crawford v. Washington, 54 U.S. 36 (2004), in
support of their confrontation clause claim. Crawford, however, concludes that the
confrontation clause does not impose constraints on the use of prior testimonial
statements if the declarant appears for cross-examination at trial. Id. at 68. Assuming
arguendo that the victim's videotaped statement is a prior testimonial statement,
because the victim testified at trial and both appellants had the opportunity to cross-examine her, their reliance on Crawford is misplaced.
         Appellants also contend that the victim's outcry statement made to Deputy
David Delgado should not have been admitted through his testimony because it is
prohibited by Crawford. However, as set out above, Crawford does not apply in this
case, and furthermore, appellants did not make a Crawford objection to Deputy
Delgado's testimony.


 By failing to object on confrontation clause grounds, appellants
have not preserved this contention for our review. See Tex. R. App. P. 33.1(a).
         Appellants' first issues are overruled.
2. Introduction of Redacted Video
a. Unavailability
         By appellants' second issues, they argue the trial court erred in permitting the
State to introduce redacted portions of the victim's videotaped statement for
impeachment purposes without determining the availability of the victim to testify. 
The State relied on Texas Rule of Evidence 613(a) and Willover v. State, 70 S.W.3d
841, 844-47 (Tex. Crim. App. 2002), as its authority for the introduction of the
redacted videotape. See Tex. R. Evid. 613 (allowing use of prior statements of
witnesses for impeachment and support); Willover, 70 S.W.3d at 844-47 (discussing
admissibility of videotaped interviews for impeachment purposes with child victim). 
         The victim was called by the State. While she was on the stand, the victim
asked the trial court to accept a handwritten letter wherein she recanted her
accusations against appellants. She wrote, among other things, that she had sex with
her boyfriend and then blamed appellants to cover it up. In her letter, the victim
apologized to appellants. This letter was later introduced into evidence by the State. 
The victim stated she told her mother she had sex with appellants in order to protect
her boyfriend. She could not recall what she said during the videotaped interview. 
The victim was equivocal in her denial; she simply said she did not recall making the
statements to a forensic interviewer at the child advocacy center. 
         Nonetheless, appellants contend this is reversible error because rule 38.071
prohibits the introduction of any videotaped statements by a child younger than
thirteen years of age unless the prerequisites of the statute have been met, including
making a determination of unavailability using the factors set out in section 8(a). See
Tex. Code Crim. Proc. Ann. art. 38.071 §§ 1 , 8(a) (Vernon 2005). However, article
38.071does not apply to a case such as this one where the victim was available and
did testify at trial. No hearing or proceeding was required to determine unavailability. 
Therefore, in this case, we cannot say the trial court abused its discretion in admitting
the redacted videotape. See Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990) (op. on reh'g) (stating trial court's admission of evidence reviewed
under abuse of discretion standard). We overrule appellants' second issues.
b. Party Opponent
         Alternately, appellants contend the State cannot use the victim's prior
inconsistent statement because the victim became the State's party opponent when
she recanted her previous outcry.


 However, party opponents in a criminal trial are the
State and the defendants, not the victim. Cf. Logan v. State, 71 S.W.3d 865, 867-69
(Tex. App.–Fort Worth 2002, pet. ref'd) (holding defendant and State, not complaining
witness, are party opponents); Owens v. State, 916 S.W.2d 713, 717-18 (Tex.
App.–Waco 1996, no pet.) ("The State, not the victim, is the party-opponent of the
accused in a criminal proceeding."); Halstead v. State, 891 S.W.2d 11, 12 n.1 (Tex.
App.–Austin 1994, no pet.) (concluding "that the complainant in a criminal
prosecution is not a party within the meaning of Rule 801(e)(2)"); see also Willover,
70 S.W.3d at 847 n.10 (in dicta, while acknowledging it need not address court of
appeals holding that "when [Rule 801(e)(2)] uses the term 'admission by party-opponent,' it includes those of the defendant and the complaining witness," court of
criminal appeals noted other courts of appeals have considered issue and have all
reached opposite conclusion) (citations omitted)).
Accordingly, appellants' third issues are overruled.
c. 403 Hearing
         Gerardo, by his seventh issue, also contends that the trial court abused its
discretion in not conducting a 403 hearing to determine whether the admission of the
redacted videotaped statement's alleged prejudicial effect outweighed its probative
value. See Tex. R. Evid. 403 (providing evidence may be excluded if probative value
is substantially outweighed by danger of unfair prejudice). The State argues that error
was not preserved for our review and alternatively that the trial court did not abuse its
discretion because the prejudicial value of the evidence did not outweigh its probative
value.
         The record reflects that at the start of the trial proceedings there was a
discussion about the videotape. Gerardo's counsel objected to a television being in the
courtroom, stating it was "prejudicial and inflammatory" to allow the jury to see the
television set in the courtroom. We do not construe this as a 403 objection to the
admission of the videotape. Later, Gerardo's counsel objected that the jury should not
be shown the video until the court had reviewed it. He stated "if there's something
here that we're going to object to once it's given to the jury, it's going to be
inflammatory and prejudicial." The court indicated that the objection was noted but
made no ruling. There is nothing in the record showing a 403 objection was made
when the videotape was played. Therefore, we conclude Gerardo did not preserve his
claim with a specific and timely objection. See Tex. R. App. P. 33.1(a)(1).
B. Right to Counsel
         By Gerardo's fourth and Lisa's fifth issue, appellants complain that their right
to counsel was violated because the State was on notice that appellants had invoked
their right to counsel when they allegedly sought legal advice from a constable. Under
the Fifth Amendment of the United States Constitution, in order to effectuate the right
against self-incrimination, once a suspect has invoked his right to counsel, all
interrogation by the police must cease until counsel is provided or until the suspect
re-initiates conversation. Minnick v. Mississippi, 498 U.S. 146, 153 (1990); Dinkins
v. State, 894 S.W.2d 330, 350 (Tex. Crim. App. 1995). The right to counsel is
invoked where the defendant indicates he desires to speak to an attorney or have an
attorney present during questioning. Dinkins, 894 S.W.2d at 351. The invocation of
that right must be clear and unambiguous. Id. "When reviewing alleged invocations
of the right to counsel, we typically look at the totality of the circumstances
surrounding the interrogation, as well as the alleged invocation, in order to determine
whether a suspect's statement can be construed as an actual invocation of his right
to counsel." Id. 
         Because appellants made no explicit requests for an attorney, we must review
the record to determine whether any of appellants' statements can be clearly
understood to be an invocation of their right to counsel. See id. Appellants contend
that the State was put on notice that they sought legal advice when they talked with
Jaime Vasquez, a constable and friend who facilitated a meeting with other law
enforcement officers and, further, when the constable contacted the investigating
officer to arrange the meeting. See Herron v. State, 86 S.W.2d 621, 628 (Tex. Crim.
App. 2002) ("One officer's knowledge that a defendant has requested counsel is
imputed to every other state agent."). Appellants highlight the following testimony of
Constable Vasquez as being supportive of this contention: "The uncertainty with
dealing with the law enforcement which was the whole idea behind [appellants]
coming to me because they felt comfortable coming to me[,] and all I did was facilitate
[a] date." We do not find this testimony to support an invocation of the right to
counsel that is clear and unambiguous. Dinkins, 894 S.W.2d at 351. In reviewing the
totality of the circumstances, we conclude appellants did not clearly invoke their right
to counsel. Gerardo's fourth issue and Lisa's fifth issue are overruled.
C. Mistrial 
         In Gerardo's fifth issue and Lisa's sixth, they contend the trial court erred by not
granting a mistrial sua sponte after remarking outside the presence of the jury but on
the record that the case had not been diligently investigated. Appellants urge that the
police should have investigated the possibility that the victim's denial of the accusation
and that the mother's testimony regarding alleged police threats were true. They
complain that because of the alleged failure to investigate these allegations and the
possibility of other alleged perpetrators, they were denied their right to due process.
We disagree.
         A trial court has discretion to declare a mistrial sua sponte when "in [its]
opinion, taking all the circumstances into consideration, there is a manifest necessity
for the act, or the ends of public justice would otherwise be defeated." Torres v.
State, 614 S.W.2d 436, 442 (Tex. Crim. App. [Panel Op.] 1981). The power to grant
a mistrial sua sponte should be used with "the greatest caution, under urgent
circumstances, and for very plain and obvious causes." Id.; Parrish v. State, 38
S.W.3d 831, 834 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (citing Ex parte
Little, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994) (concluding trial judge's discretion
to declare mistrial based on manifest necessity limited to "very extraordinary and
striking circumstances")). There must be a "high degree" of necessity that the trial
come to an end. Torres, 614 S.W.2d at 442.
         Having reviewed the trial court's statement regarding the investigation and the
referenced testimony both alone and in context, we conclude the circumstances
presented here do not create the type of "urgent circumstances" required for the trial
judge to grant a sua sponte mistrial. See id. As noted above, the statement regarding
the investigation was made by the trial judge outside the presence of the jury. There
was no ruling. The trial court did not enter findings regarding the investigation, or lack
thereof. Both the State and appellants had the opportunity to question the victim and
her mother at trial. Defense counsel asked questions regarding the investigation and
what information the victim and her mother provided to the officers and others. 
Moreover, the jury, as the fact finder, determined the credibility of the witnesses and
the weight given the evidence. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979);
Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984).
         Because the complained-of statement of the trial court did not create a
"manifest necessity" for granting a mistrial or otherwise defeat the "ends of public
justice," we conclude the trial judge did not abuse its discretion in failing to sua sponte
grant a mistrial. Torres, 614 S.W.2d at 442. We overrule Gerardo's fifth issue and
Lisa's sixth issue.
D. Unanimity of Verdict
         Appellants, Gerardo by his sixth issue and Lisa by her eighth issue, complain
that the charge was written in the disjunctive as to the second and third counts


 and,
thus, improperly permitted the jury to convict each appellant with less than a
unanimous verdict.
         Article 36.19 prescribes the manner in which jury charge error is reviewed on
appeal. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); see Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985). First, an appellate court must
determine whether error exists in the jury charge. Hutch v. State, 922 S.W.2d 166,
170 (Tex. Crim. App. 1996); Morris v. State, 89 S.W.3d 146, 152 (Tex. App.–Corpus
Christi 2002, no pet.). Second, we must determine whether sufficient harm was
caused by the error to require reversal. Hutch, 922 S.W.2d at 170; see Arline v.
State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). In this case, error was not
preserved; therefore, the degree of harm necessary for reversal is "egregious harm." 
See Almanza, 686 S.W.2d at 171; Ponce v. State, 89 S.W.3d 110, 118 (Tex. App.–
Corpus Christi 2002, no pet.).
         Assuming without determining error, we therefore will reverse only if the error
is so egregious and created such harm that appellants have not had a fair and impartial
trial. See Almanza, 686 S.W.2d at 172. In making that determination we may
review: (1) the entire charge; (2) the state of the evidence, including contested issues;
(3) arguments of counsel; and (4) any other relevant information. See Bailey v. State,
867 S.W.2d 42, 43 (Tex. Crim. App. 1993).
         In this case, the indictment alleged four separate offenses. Count IV was
dismissed as to both Gerardo and Lisa after the State rested. Counts I, II and III
charged indecency with a child and two distinct aggravated sexual assaults,
respectively. Moreover, the jury charge informed the jury that its verdict must be
unanimous, separate verdict forms were provided to the jury for each separate count
and for each defendant, and, importantly, unanimity of the verdict was not discussed
during voir dire, or during opening or closing arguments. Cf. Ngo v. State, No. PD-0504-04, 2005 Tex. Crim. App. LEXIS 457, at *28 (Tex. Crim. App. March 16, 2005)
(during closing argument, State forthrightly told jury it need not be unanimous in its
verdict). In addition, although the evidence reveals the victim recanted her earlier
statement and there were contested issues at trial, it also reveals that the victim told
a deputy that she had been assaulted by Gerardo, her uncle, and that Lisa, her aunt,
was in the room. Appellants' voluntary statements were also introduced. They each
admitted to participating in sexual acts with the victim. Thus, looking at the record
as a whole, we conclude the trial court's error, if any, was not so egregious as to
deprive appellants of a fair and impartial trial.


 See Almanza, 686 S.W.2d at 172. We
overrule Gerardo's sixth and Lisa's eighth issues.
E. Fourth Amendment Challenge
         Having overruled all of Gerardo's issues and six of Lisa's issues, we now turn
to Lisa's two remaining issues. By her fourth issue, Lisa contends that an alleged six-hour delay during the investigative process violated her Fourth Amendment right to be
free from unreasonable search and seizure.


 She asserts that because her inculpatory
statement was a product of this alleged illegal detention it should have been
suppressed.
         "In reviewing a trial court's ruling on a motion to suppress, we give 'almost total
deference to a trial court's determination of historical facts' and review de novo the
court's application of the law of search and seizure." O'Hara v. State, 27 S.W.3d
548, 550 (Tex. Crim. App. 2000) (citing Guzman v. State, 955 S.W.2d 85, 88-89
(Tex. Crim. App. 1997)). In this case, because the trial court did not make explicit
findings of historical fact, we review the evidence in a light most favorable to the trial
court's ruling. Id. (citing Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim.
App. 2000)). The trial judge is the sole judge of a witness's credibility and the weight
to be given the testimony at the suppression hearing and may accept or reject any or
all of a witness's testimony. Covarrubia v. State, 902 S.W.2d 549, 553 (Tex.
App.–Houston [1st Dist.] 1995, pet. ref'd) (citing Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990)).
         Throughout her argument, Lisa complains that the officer should have "initially
and timely inform[ed] [a]ppellant that she was under arrest, and that any statements
she made would be used against her." See Dickerson v. United States, 530 U.S. 428,
431-32 (2000) (citing Miranda v. Arizona, 384 U.S. 436, 444 (1966) (holding certain
warnings must be given before suspect's statement made during custodial
interrogation could be admitted in evidence)). Lisa asserts that she was held for
almost six hours before being read her Miranda rights and that such a delay violated
her Fourth Amendment right to be free from unreasonable search and seizure.
          However, the evidence reveals that Lisa was read her Miranda warnings at the
beginning of her interview process. At the suppression hearing, Gerardo testified that
he waited at the sheriff's office about twenty minutes before his interview began at
3:00 p.m. His statement was signed and witnessed at 5:30 p.m. In her statement,
Lisa acknowledged she received her Miranda warnings at 5:48 p.m. and finished giving
her statement at 7:50 p.m. the same day. Investigator Mike Trejo also testified that
after they finished talking with Gerardo at approximately 5:30 p.m., Lisa, who had
been waiting in the lobby, came into his office. After Lisa was read her rights, Trejo
explained the allegations to her. He testified that Lisa signed and dated the Miranda
warnings and waiver form at 5:50 p.m. This form was admitted into evidence at the
suppression hearing.
         The record also shows that Lisa, Gerardo, and several family members went to
the sheriff's office together that day. Although Lisa and Gerardo had talked with a
constable before going to the sheriff's office, Lisa was not picked up by officers or
called by officers and asked to come to the office. See Livingston v. State, 739
S.W.2d 311, 327 (Tex. Crim. App. 1987) (holding that person who voluntarily
accompanies officers investigating crime to certain location has not been "seized" for
Fourth Amendment purposes, even if he knows he is a suspect); Dancy v. State, 728
S.W.2d 772, 778 (Tex. Crim. App. 1987) (noting there is no rule that prohibits
officers from requesting individuals to accompany them to police station or other
place, and no rule that requires individuals to accede to such request). Lisa was free
to leave, although she claimed she was stopped from leaving at one point. She gave
her statement, waiving her Fifth Amendment rights against self incrimination. Once
her statement was completed, Lisa was arrested.
         Reviewing de novo the trial court's application of the law of search and seizure,
giving almost total deference to its determination of historical facts, and reviewing the
evidence in a light most favorable to the trial court's ruling, we conclude the trial court
did not err in denying Lisa's motion to suppress. Lisa's fourth issue is overruled.
F. Sufficiency of EvidenceIn her seventh issue, Lisa challenges the legal sufficiency of the evidence to
support her convictions. She sets out authority for a legal sufficiency review,


 but
nothing more. Lisa does not discuss the evidence or why the evidence does not, as
a matter of law, support the judgment in this case. Absent adequate briefing and
argument concerning the legal sufficiency of the evidence, Lisa's challenge to the
sufficiency of the evidence is not properly before us. See Tex. R. App. P. 38.1(h)
(providing brief must contain clear and concise argument for contentions made, with
appropriate citations to authorities and the record); Hankins v. State, 132 S.W.3d 380,
385 (Tex. Crim. App. 2004), cert. denied, 125 S. Ct. 358 (2004) (holding issue
inadequately briefed where appellant fails to present argument or authority). Lisa's
seventh issue is overruled.
III. Conclusion
         Having overruled all issues in both appeals, we affirm the judgments of the trial
court.                                                                                     
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 26th day of May, 2005.