LOCAL NO. 520, INTERNATIONAL LADIES' GARMENT WORKERS' UNION, AFL-CIO, Plaintiff,

v.

GLENDALE MANUFACTURING COMPANY, Defendant.

Civ. No. 1822.

United States District Court
W. D. North Carolina,
Asheville Division.

Dec. 31, 1959.

Earl Fowler, Asheville, N. C., Robert Cohn, Atlanta, Ga., for plaintiff.

Harkins, Van-Winkle, Walton & Buck, Asheville, N. C. (Herbert L. Hyde, Asheville, N. C., on the brief), for defendant.

WARLICK, District Judge.

This matter comes before the court on plaintiff's motion for summary judgment under Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A., in which motion plaintiff seeks to have an arbitration award enforced. Thereafter the defendant filed a similar motion for summary judgment. Both motions were heard together and following the oral argument of counsel briefs were filed as requested by the Court.

Since there appears to be no genuine issue as to any material facts it would seem that a summary judgment should be granted and under that assumption the following facts, being undisputed, are found by the Court.

The International Garment Workers' Union, AFL-CIO and the defendant entered into a collective bargaining contract covering employees at the defendant's manufacturing plant in Biltmore in the Western District of North Carolina on October 15, 1955, which contract, according to its terms was to continue in effect until September 30, 1958. Shortly after the execution of this contract the International Union chartered plaintiff to administer the contract. A copy of said contract was attached to the complaint and as such made a part thereof.

On April 29, 1958, plaintiff, under the terms of Article 21 of the contract notified defendant that it desired to negotiate concerning a raise in the wage rate, in which notice plaintiff asserted that the cost of living in the Consumer's Price Index of the United States Department of Labor had increased in excess of 5% and accordingly that the employees of defendant were entitled therein to such increase. Defendant maintained that this was not the proper nor appropriate time for a reopening of said contract and thereupon refused to meet with plaintiff on this issue. Accordingly plaintiff filed a grievance under Article 25 of the contract, a copy of which was filed as an exhibit to the complaint. Since this grievance was not adjusted, the parties subsequently agreed under Article 25 to submit the dispute to arbitration and Professor Gerald Barred of the University of North Carolina was selected and was so notified by letter dated June 6, 1958.

The Arbitrator set a hearing in the City of Asheville for September 9, 1958, at which time both parties appeared by counsel gave testimony and submitted argument in support of their positions. The Arbitrator handed down his opinion and award on September 24, 1958, a copy of which likewise was attached to and made a part of the complaint.

Two issues were submitted to the Arbitrator,—(1) in substance whether the Union was authorized by Article 21 to reopen wages on April 29, 1958, under the terms of the contract dated October 15, 1955, (2) and if a reopening was authorized at that time, whether the requested wage increase of 7.31% could properly be granted under Article 21 in this proceeding.

Among other things the Arbitrator determined, (1) that the Union request dated April 29, 1958, for a reopening under Article 21 is found to constitute a timely and authorized request under said Article. (2) The Arbitrator further determined that the Union grievance dated May 15, 1958, seeking a wage increase of 7.31% under Article 21 is found

to be premature and unauthorized for that the parties hereto have thus far had no discussions or attempted to bargain under the terms of the contract over such wage increase sought by the Union and for that and other reasons held that issue in abeyance without prejudice to its being re-asserted at a latter date,—should the parties subsequently fail to reach an agreement upon such increase as the contract provides.

Unquestionably this second finding was a directive to the parties to meet and bargain on the wage increase, if any, as the contract stipulates. The parties evidently failed to agree on a date for such meeting and it was not until November 3, 1958, subsequent to the expiration of the contract that the plaintiff formally made such request.

Article 21 of the contract is as follows:

"Article XXI: Reopenings

"The wage terms herein contained may be subject to reopening annually in the event of a change of at least five (5%) percent in the Consumer's Price Index of the U. S. Department of Labor. Should the parties for any reason fail to reach agreement upon such increase, then such disagreement shall be treated as a dispute under this agreement and be adjusted as any other dispute, through the machinery for adjustment of disputes, as provided in this agreement."

On October 1, 1958, in a representation election conducted by the National Labor Relations Board among defendant's employees, plaintiff was ousted as bargaining agent for said employees.

The defendant has at all times since failed and refused to bargain with the plaintiff on the issue of the wage increase, contending among other things, that since the plaintiff was not at the time of the formal request, representing the defendant's employees, that the issue was moot and any act done thereunder would be unenforceable. I cannot go along with this contention for that it would seem that since the contract makes

provision for a wage increase and if such was warranted under the change in the cost of living as is reflected in the Consumer's Price Index referred to in Article 21 of the contract, then the employees of defendant would be entitled to such cost of living increase, and I dismiss such contention as not being worthy of further thought.

The defendant further contends that a fair interpretation of the contract would indicate that the application for a wage increase under Article 21 could only be made once each year and that on the anniversary date of said contract. I do not think this contention has any merit and dismiss it as such; the Arbitrator in his ruling likewise dismissed this contention as lacking in value.

The opinion of Judge Soper in Enterprise Wheel and Car Corporation v. United Steelworkers of America, 269 F.2d 327, in our own Fourth Circuit, is in my opinion controlling. This decision was handed down on June 16, 1959, and in conjunction with an opinion likewise by Judge Soper in Textile Workers Union of America v. Cone Mills Corporation, also decided on June 16, 1959, 4 Cir., 268 F.2d 920, is decisive of the law involved in this controversy.

The plaintiff had a substantive right under its contract with the defendant and evidently thereunder, in so far as the record indicates, no controversy arose during the existence of said contract until the Consumer's Price Index of the Department of Labor indicated a change in excess of 5% in the cost of living. Then plaintiff, acting for defendant's employees as their bargaining agent, requested consideration of this issue on April 29, 1958. The evidence all points to the fact that defendant's employees were entitled to this particular wage increase and the fact that the machinery set up for its accomplishment, through no fault of plaintiff, was delayed beyond the time of the expiration of the contract could not be a defense to a right the defendant's employees had through plaintiff as their representative or bargaining agent.

Accordingly plaintiff is entitled to have this issue determined under the terms of its contract with defendant and if it makes good in its evidence that such wage increase was due defendant's employees as is provided for by the contract, defendant would be obligated to pay such increase from the 29th day of April 1958 down through and including September 30, 1958.

Since all of the facts found above are not in any wise in dispute, it would appear that plaintiff is entitled to summary judgment approving and confirming said arbitration award and adjudging the defendant to faithfully abide by its provisions and accordingly that defendant be restrained and enjoined from in any manner failing and refusing to abide by the terms of said award.

Counsel will submit decree.