WILSON, Circuit Judge:
The dispute underlying this appeal concerns the constitutionality of a large religious statue that is located directly outside the courthouse in Dixie County, Florida (the “County”). The American Civil Liberties Union of Florida, Inc. (“ACLU”) brought suit against the County, arguing that such a monument violates the First Amendment’s Establishment Clause. The County moved for summary judgment on the ground that John Doe, the ACLU member through whom the ACLU claimed standing, could not demonstrate an actual injury that he had suffered as a result of the display. The district court denied the motion. The ACLU later moved for summary judgment, which the district court granted. We find that due to a material conflict in the evidence, an evidentiary hearing on the issue of standing was merited. We therefore remand so that such a hearing can be conducted.
I.
A.
In Dixie County, Florida, a five-foot tall statue of the Ten Commandments flanks one entrance to the County courthouse. The statue is centrally situated on top of the courthouse steps and is clearly visible from the road. It was donated and erected by a private citizen in 2006 with the approval of the County Board of Commissioners.
John Doe resides primarily in North Carolina. He has never lived in the County, nor does he have any ties to property there, but Doe and his wife own a winter home in nearby Levy County. Their winter home is not currently for sale. Doe developed an interest in possibly purchasing land in the County because the County’s zoning rules allow residents to live in a recreational vehicle (“RV”) on their property. He and his wife had been contemplating moving from their Levy County property to a new location that permitted such a practice. In 2004, Doe made an offer on a parcel of land in the County. That offer was declined, but Doe continued his search for property. On January 24, 2007, Doe made a trip to the County assessor’s office to investigate the real estate records for a different property in which he had an interest. The assessor’s office, like all of the County’s essential local government offices, is located in the courthouse. Although Doe had been in the vicinity of the courthouse on previous occasions, this visit marked his first time entering the building.
While at the courthouse, Doe caught sight of the Ten Commandments monument. He had not been aware of the statue’s existence prior to January 24, 2007, and the experience of seeing the statue was a negative one for Doe. Doe took offense at the display and felt shocked. However, after taking time to photograph the statue using his cell phone, Doe was able to resume his inspection of the property records. Ultimately, Doe was able to obtain from the assessor’s office all of the information that he had been seeking regarding the parcel. However, he did not end up purchasing the property. In fact, to this date Doe has not purchased any land in the County. A question relevant to this appeal is: why not?
B.
The ACLU filed this suit against the County in February 2007, and in September 2007, Doe was deposed. During his deposition, Doe was questioned about the property that he had been investigating during his January 24, 2007 visit to the County courthouse:
*1247 Q: Did you ultimately end up purchasing th[at] property?
A: No.
Q: Why not?
A: Because of the Dixie County government probably. The display of the monuments, the monument.
Q: Okay. Explain that to me a little bit more. I’m not sure I understand.
A: I was somewhat offended by the monument being there.
Q: Was there any other reason that you decided not to purchase this property in Dixie County?
A: I found other things I was offended by.
On October 10, 2007, the County moved for summary judgment, arguing that Doe lacked standing, and thus the ACLU lacked standing. The ACLU replied, attaching to its response an affidavit prepared by Doe. Doe stated in the affidavit that when he saw the monument at the courthouse, he was “deeply disturbed that the county openly embraced religious doctrine.” Although disturbed by the monument, Doe continued his investigation of the property and found that there were no restrictions against living in an RV on the land. Doe stated: “At this point I became very disheartened because were it not for the county’s religious display at the courthouse, the only thing left to negotiate was the price [of the property].” He also claimed in the affidavit that, “[w]ere it not for the presence of the Monument on the Dixie County Courthouse steps, we would have continued to look for ... property in Dixie County ... and we would do so again immediately if the Monument were removed.” On August 8, 2008, the district court denied the County’s motion. The court found that Doe had suffered an injury requisite for standing because “but for the display, [he would] be looking for or already have purchased property in the County.”
In October 2009, the ACLU moved for summary judgment on the merits. The district court granted the motion, and the County appeals.
II.
A.
We review de novo a district court’s ruling on a motion for summary judgment, including any determination made regarding a plaintiffs standing. See Glassroth v. Moore, 335 F.3d 1282, 1291-92 (11th Cir.2003). Standing is a jurisdictional inquiry, and a “party invoking federal jurisdiction bears the burden” of establishing that he has standing to sue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Because standing is not merely a pleading requirement, “each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, ie., with the manner and degree of evidence required at the successive stages of the litigation.” Id. When considering a “factual challenge” to standing in a motion for summary judgment, “[a]s with any summary judgment determination, we look beyond the complaint, to the ‘depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.’ ” Bochese v. Town of Ponce Inlet, 405 F.3d 964, 976 (11th Cir.2005) (quoting Fed.R.Civ.P. 56(c)). We may only grant summary judgment if “the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(a).
The existence of standing is crucial because we as a federal court are constitutionally bound to only entertain arguments that we have been given the authority to decide:
*1248 The judicial power of the United States defined by Art. Ill is not an unconditioned authority to determine the constitutionality of legislative or executive acts. The power to declare the rights of individuals and to measure the authority of governments ... “is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy.” Chicago & Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 345 [12 S.Ct. 400, 36 L.Ed. 176] (1892). Otherwise, the power “is not judicial ... in the sense in which judicial power is granted by the Constitution to the courts of the United States.” United States v. Ferreira, 13 How. 40, 48 [14 L.Ed. 40] (1852).
As an incident to the elaboration of this bedrock requirement, this Court has always required that a litigant have “standing” to challenge the action sought to be adjudicated in the lawsuit.
Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).
An organization has standing to bring an action on its members’ behalf if “(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization’s purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.” Hunt v. Wash. State Apple Adver. Comm’n, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). In this case, the element of the ACLU’s standing that is in question is whether its member Doe would have standing in his own right to bring this suit. In order for Doe to satisfy that requirement, he must fulfill three basic elements of the “irreducible constitutional minimum” for standing. Lujan, 504 U.S. at 560, 112 S.Ct. at 2136. First, Doe must “have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.” Id. (citations and internal quotation marks omitted). “Second, there must be a causal connection between the injury and the conduct complained of.” Id. Third, it must be likely, rather than merely speculative, that a favorable decision by the court will actually remedy Doe’s injury. Id.
B.
The issue of standing was raised by the County in its motion for summary judgment.[1] At the time that motion was filed, Doe’s affidavit and deposition were in conflict regarding a fact essential to the standing determination. The deposition asserted that there were “other things” that offended Doe, at the courthouse and contributed to his disinclination to pursue a *1249 property search. However, the affidavit avers that the monument alone was the but-for cause. Although the fact that Doe’s later-filed affidavit shores up his assertion of standing engenders suspicion as to its veracity, we are required to rely on the affidavit at the summary judgment stage of proceedings. Bischoff v. Osceola Cnty., Fla., 222 F.3d 874, 878 (11th Cir.2000) (stating that when a court evaluates a summary judgment motion asserting a lack of standing, the facts set forth by the plaintiff will be “taken to be true”). The affidavit — taken as true, see id. — raises a dispute as to whether Doe might have actually been injured, so denial of the County’s motion asserting a lack of standing was proper at that point in the proceedings. The error emerged when the district court implicitly ratified its finding of standing — a finding resolved on a summary judgment posture and based on the content of the affidavit alone — by failing to address standing again prior to or during its final ruling in the case.
If an affidavit differs from the statements made in a deposition, “the two in conjunction may disclose an issue of credibility.” Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir.1986) (internal quotation marks omitted). Under such circumstances, a district court is not free to credit one piece of evidence and ignore the other; instead, it should hold an evidentiary hearing in order to make credibility findings. Bischoff, 222 F.3d at 881. We find that such an issue of credibility exists regarding Doe’s inconsistent testimony. Yet when the district court ruled on the ACLU’s motion, it made a final disposition of the case that implicitly relied on crediting the affidavit and ignoring the deposition testimony that “other things” may have deterred Doe from pursuing his property search. Ignoring that deposition testimony was improper; the district court lacked the power to make a credibility determination absent a prior evidentiary hearing.
C.
Standing is crucial. The Supreme Court has called it “perhaps the most important of [the jurisdictional] doctrines.” Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).
Before rendering a decision ... every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings.
Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir.1991) (emphasis added). An essential part of standing is that the plaintiff suffered an injury that is “concrete and particularized,” not “conjectural” or “hypothetical,” Lujan, 504 U.S. at 560, 112 S.Ct. at 2136, but the conflicts in the evidence here prevent us from determining if Doe experienced such an injury.
Doe is not a resident of the County, nor does he have any legal or business obligations that would require him to visit the County. His sole source of potential injury in this case springs from his interest in possibly buying land in the County. Doe contends that the offensiveness of the statue has imposed- a burden on him to avoid the County courthouse and to abandon his property search in the County; he alleges that this burden is tantamount to an injury.
The ACLU points to Glassroth 335 F.3d 1282, and ACLU v. Rabun Cnty. Chamber of Commerce, Inc., 698 F.2d 1098 (11th Cir.1983) (per curiam), to support its proposition that Doe has suffered an injury. In Glassroth, the plaintiffs were lawyers *1250 who were offended by a monument in their state’s judicial building and were subjected to viewing it in the course of their professional duties. 335 F.3d at 1288. The plaintiffs began avoiding the building which they had previously frequented. Id. We found that the plaintiffs had “altered their behavior as a result of the monument” and that a favorable decision would likely redress their injuries. Id. at 1292. In Rabun, the plaintiffs were Georgia residents who regularly camped and made use of public parks “maintained by the State of Georgia.” 698 F.2d at 1107. When a cross was erected on Georgia state park land, the campers were forced to discontinue their use of this state-supplied amenity. Id. We found this injury sufficient to confer standing. Id. at 1108.
Those cases are factually distinguishable from the present ease. Doe indicated in his deposition that other factors, in addition to the monument, deterred him from purchasing land in the County.[2] Therefore, it is uncertain whether foregoing his real estate search constitutes an “injury” of the type that satisfies standing requirements and whether the monument was the real cause of that alleged “injury.” The existence of alternative or additional reasons for Doe’s abandonment of his search for property in the County could render Doe’s injury speculative — more “hypothetical” than “actual.” See Lujan, 504 U.S. at 560, 112 S.Ct. at 2136. Additionally, if other factors caused Doe’s injury, that would undermine the claim that his injury is redressable by removal of the monument.
III.
Doe’s affidavit — which is suspect, given that it seems designed to strengthen Doe’s standing claim — is inconsistent with his deposition. Because this conflicting evidence must be resolved in order to determine whether Doe has standing, we vacate the district court’s grant of summary judgment on the merits and remand to the district court to hold an evidentiary hearing and determine what testimony to credit. See Bischoff, 222 F.3d at 881 (“[I]n a case where the evidence relating to standing is squarely in contradiction as to central matters and requires credibility findings, a district court cannot make those findings simply by relying on the paper record but must conduct a hearing at which it may evaluate the live testimony of the witnesses.”) (emphasis omitted).
VACATED AND REMANDED.

. When ruling on the County's summary-judgment motion, the district court stated, “[f]or the purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.” (emphasis added). The district court then proceeded to cite heavily to Doe's affidavit without mentioning any testimony from his deposition pre-dating that affidavit. This was in error. The standard for evaluating a motion for summary judgment is different than that for a motion to dismiss, and summary judgment requires a district court to look at all the evidence — "beyond the complaint, to the depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.” Bochese, 405 F.3d at 976 (quotation marks omitted) (evaluating a summary judgment motion based on lack of standing). However, our review is de novo, so we need not focus on the district court’s mistake; we are free to make our own review.

. Even absent consideration of Doe's deposition testimony, it is not clear that these cases are applicable to the facts of Doe's case.