[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13402
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21203-UU


ISLE OF DREAMS, LLC,

Plaintiff - Appellant,

versus

CITY OF NORTH BAY VILLAGE, FLORIDA,
a Florida municipal corporation,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 22, 2013)

Before BARKETT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Isle of Dreams, LLC, (Isle of Dreams) appeals the district court's dismissal of this case for lack of standing and order of summary judgment in favor of the City of North Bay Village, Florida (the City). After careful review, we affirm in part and dismiss in part.

## I.

This case arises out of Isle of Dreams' desire to build an adult-entertainment establishment in the City. Under the ordinances then in effect, the City required all adult-entertainment establishments to obtain conditional-use approval in order to operate. Isle of Dreams, like all businesses of its size, also needed to obtain the City's approval of a site plan before beginning construction. Isle of Dreams first submitted requests for these approvals in October 2011. As of March 2012, the City had not granted either approval, and Isle of Dreams sued, alleging that the City's conditional-use approval procedures violated the First Amendment facially and as applied. The portions of the City's conditional-use approval process Isle of Dreams challenged are summarized below.

To obtain conditional-use approval, a proposed adult-entertainment establishment was required at the time to establish that it met several requirements to the satisfaction of the City Commission, namely that the business "will not adversely affect the health or safety of persons residing or working in the vicinity of the proposed use," "will not be detrimental to the public welfare, properties or

2

improvement in the neighborhood," and "complies with all other applicable code provisions." The City could also "designate . . . additional conditions in connection with the conditional use."

Upon receiving an application for conditional use, the City Commission was required to "review[]" and "consider[]" it within 60 days. But the ordinance set no timeframe in which the application had to be either approved or denied. If, at any time after granting approval, the City decided in its sole discretion that any of the requirements on which the approval was based were no longer satisfied, the City could revoke it. Businesses could appeal adverse revocations to the City Commission, but could not continue to operate while the appeal was pending.

Once granted, conditional-use approval would automatically lapse after six months unless a business tax receipt was issued for the property. The City could also deny extensions of this lapse period for good cause and prevent those whose conditional-use approvals had lapsed from reapplying for 12 months.

Isle of Dreams alleged these ordinances violated the First Amendment by giving the City boundless discretion to prevent the operation of adult-entertainment establishments, chilling speech and constituting a prior restraint on speech. Isle of Dreams contended that the ordinances did not provide sufficient alternative means of communication, furthered no substantial government interest, and were not

3

supported by a showing of adverse secondary effects.  Isle of Dreams sought only declaratory and injunctive relief.

Isle of Dreams moved for a preliminary injunction, and the City cross-moved for summary judgment, arguing that the case was not ripe and that Isle of Dreams lacked standing to bring it.  The district court granted the motion, finding that Isle of Dreams lacked standing.  The court reasoned that the City had not yet approved Isle of Dreams' site plan.  Without this approval, it could not open its business even if it had secured a conditional-use permit.  Isle of Dreams had alleged no defects in the site-plan approval process, so its injury was not redressable by a favorable ruling, because even if the court were to strike down the conditional-use approval process, Isle of Dreams would not be able to operate.  Isle of Dreams appealed.

## II.

After Isle of Dreams filed its notice of appeal, the City amended its ordinances governing the approval of adult-entertainment establishments, removing most of the provisions Isle of Dreams originally challenged.  Under the new ordinances, the discretionary requirements of the approval process have been removed.  The City can no longer revoke conditional-use approval.  All applications for adult establishments must be considered and approved or denied within 60 days.  The appeal procedure no longer requires the establishment to close

4

while an appeal is pending.  And the approval of an adult-entertainment establishment now lapses after 24 months, at which point businesses can reapply immediately.  The City Commission may also extend the lapse period.

Because Article III of the Constitution limits the power of federal courts to live cases or controversies, we must decide whether the changes to the City's ordinances moot Isle of Dreams' lawsuit.  *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  "Generally, when an ordinance is repealed any challenges to the constitutionality of that ordinance become moot."  *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000).  But to the extent "changes in the law have not so fundamentally altered the statutory framework as to render the original controversy a mere abstraction, the case is not moot."  *Id.* (internal quotation marks omitted).

Isle of Dreams seeks a declaration that the ordinances in effect at the time the complaint was filed are unconstitutional, as well as an injunction preventing their enforcement.  But, apart from the provision allowing approval of adult-

5

entertainment establishments to lapse, all of the challenged ordinances have been repealed. And Isle of Dreams has not provided evidence that the City will reenact the challenged provisions. Accordingly, Isle of Dreams' challenges to those ordinances no longer in effect are moot. *See Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1334 (11th Cir. 2005) ("[I]n the absence of evidence indicating that the government intends to return to its prior legislative scheme, repeal of an allegedly offensive statute moots legal challenges to the validity of that statute."). We therefore lack jurisdiction to consider those challenges. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).[1]

The only ordinance Isle of Dreams challenges that has not been wholly eliminated is the lapse period. Although the lapse period is now much longer, the City theoretically could still use it, as Isle of Dreams alleges, to prevent the operation of adult-entertainment establishments. Hence, Isle of Dreams' challenge to the lapse period is not a "mere abstraction," and is therefore not moot. *See Coal. for the Abolition of Marijuana Prohibition*, 219 F.3d at 1310.

---

[1] Isle of Dreams argues that the case is not moot because, were we to find that the original ordinances were unconstitutional, some sort of property right would vest under Florida law simply because Isle of Dreams' previously unapproved application was evaluated under a defective scheme. But Isle of Dreams cites no Florida law supporting this contention. We therefore decline to consider it. *See Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("That federal courts can take notice of state law does not mean that a party relying upon such law need not cite it to the court or present argument based upon it . . . .").

III.

We must still consider whether Isle of Dreams' challenge to the lapse period is otherwise justiciable. The district court granted the City's motion for summary judgment on the basis that Isle of Dreams lacked standing to challenge this suit. We review *de novo* this conclusion, and may affirm on any basis supported by the record. *Am. Civil Liberties Union of Fla., Inc. v. Dixie County, Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012); *Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 613 (11th Cir. 1995).

To establish standing, Isle of Dreams "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008). Isle of Dreams alleges that the lapse period is unconstitutional on its face because it chills speech and constitutes an unlawful prior restraint. Isle of Dreams also makes an as-applied challenge to the lapse period, asserting that it "makes the granting of a conditional use no more than illusory," reasoning that the City "can effectively delay the issuance of any building permits for as long as it wishes, thereby leading to the automatic loss of the conditional use permit."

7

Isle of Dreams has no standing to facially challenge the lapse period.  To demonstrate an actual or imminent injury from a chilling effect, a plaintiff must allege that "he reasonably believe[s] that he had to forego what he considered to be constitutionally protected speech."  *ACLU v. Fla. Bar*, 999 F.2d 1486, 1492 (11th Cir. 1993).  "Allegations of a subjective chill" alone are not enough.  *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972).  Isle of Dreams provides no basis for us to conclude that it or any other business would reasonably forego applying for approval simply because the approval might lapse two years later.

Nor does Isle of Dreams' conclusory allegation that the lapse period constitutes a prior restraint on speech confer Article III standing.  To have standing to challenge a law as a prior restraint, Isle of Dreams "must establish that the challenged provision pertains to its activity, and not merely that it is 'subject to the law.'"  *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1276 (11th Cir. 2006) (quoting *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755-56 (1988)).  Because no lapse would occur until two years after Isle of Dreams obtains approval, which has never happened, its allegation that the lapse period "pertains to its activity" is merely conjectural and hence not a constitutionally cognizable injury sufficient to give Isle of Dreams standing.  *See id.* (holding that a plaintiff lacked standing to challenge an ordinance imposing

8

higher permit fees on commercial events as a prior restraint because the city had not yet characterized the plaintiff's events as commercial).

Nor does Isle of Dreams' as-applied challenge give it standing to challenge the lapse period.  The injury about which Isle of Dreams complains stems not from the operation of the lapse period, but instead from the suggestion that the City will unconstitutionally exercise its authority to deny or delay a building permit at some point in the future.  But Isle of Dreams does not challenge the City's authority to issue or deny building permits.  Hence, the injury is not fairly traceable to the *challenged* behavior of the City, but rather to the City's possible use of its otherwise uncontested building permit authority.  Isle of Dreams therefore lacks standing to bring a preemptive challenge to the lapse period.  *See Davis*, 554 U.S. at 733.

IV.

In sum, we **AFFIRM** the district court's ruling that Isle of Dreams' lacked standing to challenge the lapse period.  Because we hold that the subsequent amendments to the City's ordinances render the rest of Isle of Dreams' claims moot, we **DISMISS** Isle of Dreams' appeal with respect to those claims.[2]

**AFFIRMED IN PART, DISMISSED IN PART.**

_____

[2] We normally vacate and remand to the district court with instructions to dismiss for lack of subject matter jurisdiction when events subsequent to the district court's judgment moot the case before the appeal is resolved. *Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010).  But we do not do so here because the district court has already dismissed the case for lack of subject matter jurisdiction, so it is unnecessary to vacate and remand to instruct it to do so again.